J-S73041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER MELO, | : | |
| | : | |
| Appellant | : | No. 2161 MDA 2013 |

Appeal from the PCRA Order entered on October 31, 2013
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0005500-2009

BEFORE:  BOWES, WECHT and MUSMANNO, JJ

MEMORANDUM BY MUSMANNO, J.:            **FILED JANUARY 22, 2015**

Alexander Melo ("Melo"), *pro se*, appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2005, Melo raped the thirteen-year-old daughter of his live-in girlfriend (hereinafter "the victim").  Several years later, when the victim was seventeen years old, her father questioned her about the rape, of which he had recently learned upon reading about the incident in the victim's notebook/diary (hereinafter "the notebook").[1]  Upon being questioned by the police, the victim recounted the rape to them and identified Melo as the perpetrator.  In August 2009, the police charged Melo with rape, indecent

---

[1] The notebook was not offered into evidence at trial, as the victim and her father stated that it was lost during a move.

assault, and related offenses (collectively referred to as "the charged offenses").

The matter proceeded to a jury trial, at which Melo was represented by Joseph Kalasnik, Esquire (hereinafter "Attorney Kalasnik" or "trial counsel"). At the close of trial, the jury found Melo guilty of the charged offenses.

Following trial, Melo retained new counsel, Matthew R. Gover, Esquire ("Attorney Gover"), and the trial court permitted Attorney Kalasnik to withdraw as counsel. The trial court subsequently sentenced Melo to serve an aggregate term of five to ten years in prison. Attorney Gover timely filed a Notice of Appeal from Melo's judgment of sentence. On appeal, this Court affirmed the judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Melo*, 31 A.3d 747 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 30 A.3d 1192 (Pa. 2011).

In June 2012, Melo timely filed a *pro se* PCRA Petition. Following the filing of the PCRA Petition, the PCRA court appointed Melo counsel, Seamus Dubbs, Esquire ("PCRA counsel"), who filed an Amended PCRA Petition. Following a hearing held on June 27, 2013 (hereinafter referred to as "the PCRA hearing"), the PCRA court entered an Order on October 31, 2013, dismissing Melo's PCRA Petition. In response, PCRA counsel timely filed a Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

- 2 -

In April 2014, Melo filed with this Court an Application requesting permission to proceed *pro se* on appeal, and for a remand for the PCRA court to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). This Court granted Melo's Application. After conducting a hearing (hereinafter referred to as "the **Grazier** hearing"), the PCRA court granted Melo permission to proceed *pro se*, finding that his decision was made knowingly, intelligently and voluntarily.

On appeal, Melo presents the following issues for our review:

  I. Was [Melo] denied due process of law during collateral review of the judgment of sentence?

 II. Did the [PCRA] court [] err[] when it found [that] trial counsel [was] not ineffective for failing to request a missing document instruction?

III. Did the [PCRA] court [] err[] when it found [that] trial counsel [was] not ineffective [for] failing to object to prejudicial testimony?

 IV. Did the [PCRA] court [] err[] when it found [that] trial counsel [was] not ineffective [for] failing to request [a jury] instruction on prior inconsistent statements?

  V. Was [Melo] denied due process when the [trial] court [] held [that Melo's] claim [concerning the lack of a] prior bad acts instruction [was] waived?

Brief for Appellant at 4 (capitalization omitted).

All of Melo's issues raise claims of ineffectiveness of counsel (although he does not identify all of them as such in his Statement of Questions Presented). The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

* * *

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010)

(citations omitted).

In his first issue, Melo essentially challenges the effectiveness of his PCRA counsel. *See* Brief for Appellant at 13-15, 27.[2]

---

[2] In connection with his claim of PCRA counsel's ineffectiveness, Melo also argues that, after he had received a copy of the record following the *Grazier* hearing, he discovered additional claims of trial counsel's ineffectiveness that PCRA counsel should have raised and preserved for appeal. *See* Brief for Appellant at 15, 17-27. For the reasons discussed below, we will not address these additional claims in this appeal. However, we observe that, at the PCRA hearing, Melo stated that (1) he wished to proceed with PCRA counsel as his attorney and withdraw his request to proceed *pro se*; (2) he was satisfied with the four allegations of trial counsel's ineffectiveness that PCRA counsel raised in the Amended PCRA Petition; and (3) there were no additional issues that Melo wanted to pursue at that time. *See* N.T., 6/27/13, at 4-5, 13-17; *see also id.* at 13-16 (wherein PCRA counsel colloquied Melo about his additional *pro se* allegations of trial counsel's ineffectiveness and why such claims were not viable).

It is well established that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (collecting cases); *Commonwealth v. Ford*, 44 A.3d 1190, 1200 (Pa. Super. 2012) (stating that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court."); *see also* Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal).

In the instant case, Melo never raised his claim of PCRA counsel's ineffectiveness prior to the dismissal of his PCRA Petition and PCRA counsel's filing of a Notice of Appeal and Rule 1925(b) Concise Statement on Melo's behalf.[3] *See Ford*, 44 A.3d at 1200 (holding that "absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter."). Accordingly, because Melo raised this claim for the first time on appeal, we may not now

---

[3] Though Melo challenged PCRA counsel's representation at the *Grazier* hearing, arguing, *inter alia*, that counsel did not adequately communicate with him and failed to provide him with a copy of the record, same does not adequately preserve his instant claims of PCRA counsel's ineffectiveness, which he raised for the first time in this appeal. *See Henkel, supra*; *Ford, supra*. Additionally, PCRA counsel stated at the *Grazier* hearing that he was actively working on Melo's appellate brief.

address it. ***See Henkel, supra***; ***Ford, supra***.[4]

Melo next argues that the PCRA court erred by not ruling that trial counsel was ineffective for failing to request a missing evidence jury instruction concerning the notebook. ***See*** Brief for Appellant at 28-29. Specifically, Melo asserts as follows:

> The alleged notebook was central to the [p]rosecutor's case in this matter. [] [T]he only individuals who seen [*sic*] the entry [in the notebook] alleging the incident w[ere the victim and her father]. [] [T]his [was] a circumstantial case resting on the credibility of the evidence presented. Not to request a missing document instruction under these circumstances had no reasonable basis to effectuate [Melo's] best interest.

***Id.*** at 28 (citation omitted). According to Melo, there is a reasonable probability that the jury would have rendered a different verdict if the trial court had issued a missing document instruction. ***See id.*** at 29.

In its Pa.R.A.P. Opinion, the PCRA court addressed this claim and determined that trial counsel was not ineffective in this regard. ***See*** PCRA Court Opinion, 10/31/13, at 3-5. We agree with the PCRA court's sound rationale and determination, and therefore affirm on this basis with regard to this issue. ***See id.***

---

[4] Though we express no opinion as to the merits of Melo's claim of PCRA counsel's ineffectiveness, Melo retains the right to raise this claim in a subsequent PCRA Petition. ***See Commonwealth v. Jette***, 23 A.3d 1032, 1044 n.14 (Pa. 2011) (stating that "[w]hile difficult, the filing of a subsequent timely PCRA petition [alleging ineffectiveness of PCRA counsel] is possible, and in situations where an exception pursuant to [42 Pa.C.S.A.] § 9545(b)(1)(i-iii) can be established[,] a second [PCRA] petition filed beyond the one-year time bar may be pursued.").

In his third issue, Melo contends that trial counsel was ineffective because he unreasonably failed to object to the testimony of the victim's mother, Christian F., concerning alleged incidents of physical abuse that Melo had committed against her while they were in a romantic relationship, despite the fact that the trial court had prohibited any prior bad act testimony. **See** Brief for Appellant at 30, 32; **see also id.** at 32 (arguing that "[t]o allow this prejudicial evidence to go unchallenged was to allow a bias and ill will to be created in the minds of the jury against [Melo,] and [] result[ed] in his wrongful conviction of crimes he is actually innocent of …."). 

The PCRA court addressed this claim in its Opinion and stated its reasons for determining that trial counsel was not ineffective. **See** PCRA Court Opinion, 10/31/13, at 5-7. We agree with the PCRA court's rationale and determination, and therefore affirm on this basis concerning Melo's instant ineffectiveness challenge. **See id.**

Next, Melo contends that the PCRA court erred by failing to find that trial counsel was ineffective for not requesting a jury instruction on the victim's prior inconsistent statements. **See** Brief for Appellant at 33-35; **see also id.** at 33-34 (setting forth the various statements of the victim that, Melo contends, are inconsistent).

In its Opinion, the PCRA court addressed this ineffectiveness challenge and stated its reasons for rejecting it. **See** PCRA Court Opinion, 10/31/13, at 10-12. We agree with the PCRA court's rationale and determination,

- 7 -

which is supported by the record, and affirm on this basis concerning Melo's ineffectiveness challenge. *See id.*

Regarding Melo's final issue, he essentially raises an ineffectiveness of counsel challenge concerning his direct appeal counsel's (Attorney Gover), failure to challenge the trial court's alleged error in failing to issue a jury instruction on prior bad acts under Pa.R.E. 404(b). *See* Brief for Appellant at 36.[5]

The PCRA court addressed this claim in its Opinion and properly concluded that Attorney Gover was not ineffective in this regard. *See* PCRA Court Opinion, 10/31/13, at 7-9.[6] Our review confirms that the PCRA court's persuasive rationale is supported by the law and the record, and we therefore affirm on this basis in rejecting Melo's final issue on appeal. *See id.*

Accordingly, because we conclude that the PCRA court neither abused its discretion nor committed an error of law by dismissing Melo's first PCRA Petition, we affirm the Order on appeal.

---

[5] To the extent that Melo argues that "the court below held [that Melo's] claim [concerning the lack of a] prior bad acts instruction [was] waived[,]" Brief for Appellant at 36 (capitalization omitted), this assertion is factually inaccurate.

[6] Attorney Gover did not testify at the PCRA hearing because he passed away prior to the hearing.

- 8 -

Order affirmed.

Wecht, J., joins the memorandum.

Bowes, J., concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/22/2015</u>

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH | : | NO. CP-67-CR-0005500-2009 |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER MELO, | : | |
| **Defendant** | : | |

COUNSEL OF RECORD:

Stephanie Lombardo, Esquire      Seamus Dubbs, Esquire
Counsel for the Commonwealth      Counsel for the Defendant

## OPINION IN SUPPORT OF ORDER

On June 27, 2013, a hearing was held on the Defendant's Amended PCRA Petition. Having considered the evidence and argument offered on June 27, 2013, and having considered applicable case law, this Court has **DENIED** Defendant's Amended PCRA Petition. The Court now issues this Opinion in support of that Order.

### I. PCRA Discussion

As stated in *Strickland v. Washington*, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. 668, 686 (1984). Pennsylvania codified this principle in the Post-Conviction Relief Act, which provides post-conviction relief for "[i]neffective assistance of counsel which, in

1

the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Pennsylvania's Supreme Court has interpreted this to mean that to show ineffective assistance of counsel, a petitioner must show that:

> (1) the claim underlying the ineffectiveness claim has arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) counsel's actions resulted in prejudice to petitioner.

*Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009) (citing *Commonwealth v. Collins*, 957 A.2d 237, 244 (Pa. 2008)). "A chosen strategy will not be found to have lacked a reasonable basis unless it is proven 'that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" 983 A.2d 666, 678 (Pa. 2009) (quoting *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (quoting *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998))). In *Commonwealth v. Pierce*, the Pennsylvania Supreme Court wrote that, "[p]rejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." 786 A.2d 203, 213 (Pa. 2001) (citing *Commonwealth v. Kimball*, 724 A.2d 326, 332 (Pa. 1999)). Lastly, "the law presumes that counsel was effective and the burden of proving that this presumption is false rests with the petitioner." 983 A.2d 666, 678 (Pa. 2009) (citing *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000)).

A.  *Missing Document Instruction*

2

The first issue raised by the Defendant is whether Attorney Kalasnik was ineffective when he did not request the missing document instruction for a notebook referenced in testimony but lost prior to trial.

At the June 27, 2013 hearing, the Defendant opined that there was no missing document instruction; however, the Defendant went on to testify that he remembered Attorney Kalasnik crossing witnesses about the notebook and calling the notebook's existence into doubt during closing. In describing the notebook, Attorney Kalasnik said that it supposedly claimed relevant information and that, while the notebook was never produced, the victim's father and friends were supposed to have knowledge of the notebook and they testified. Attorney Kalasnik generally recalled inconsistency between witnesses as to what information the notebook contained *and* he was also satisfied with how he addressed the notebook on cross. Attorney Kalasnik also testified on direct that he does not believe a missing document instruction would have helped because the defense was unable to produce sufficient reasons for the jury to disbelieve the accuser. However, on cross, Attorney Kalasnik stated that it *could* have helped if a missing document instruction were to have been given.

It seems axiomatic that the claim underlying the ineffectiveness claim has arguable merit as to a missing document instruction because the document and its absence seem to have instigated a lot of questioning and closing remarks. The second prong of the ineffectiveness standard, whether counsel's actions lacked any reasonable basis, is less sure.

3

We are instructed to determine whether "'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Cox* at 678. 983 A.2d 666 Here, would having had the missing document instruction have proven substantially more successful than not having the jury hear such an instruction? Attorney Kalasnik testified that neither he nor the Defendant could produce sufficient evidence to discredit the accuser and that fact, not a lack of the missing ~~witness~~ *document* instruction, was the real problem the Defendant faced. It seems to this Court as though any gain from the missing document instruction would have been minimal at best. As such, it does not appear as though Attorney Kalasnik's actions lacked any reasonable basis. The chosen course of not requesting the instruction does not show Attorney Kalasnik to have been ineffective. If, however, Attorney Kalasnik's actions were unreasonable, we proceed to the third prong of the ineffectiveness standard.

The third prong asks whether counsel's actions resulted in prejudice to the petitioner. Again, "[p]rejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the 786 A.2d 203 proceeding would have been different." *Pierce* at 213. The jury heard defense counsel call the contents and very existence of the notebook into question repeatedly during cross and in his closing. The jury was on notice that the fidelity and existence of the notebook was questioned by the Defendant. It does not follow that there is a reasonable probability that the outcome of the proceedings would have been different had the missing document instruction been given. This Court finds that the Defendant did not demonstrate that counsel's actions

4

resulted in prejudice. Attorney Kalasnik was not ineffective for not requesting the missing document instruction.

B.    *Prior Bad Act Testimony*

The second issue that must be dealt with is whether Attorney Kalasnik was ineffective in not having objected to Christian F████'s testimony regarding abuse she suffered at the hands of the Defendant, which went beyond the Court's prohibition on such testimony.

During the June 27, 2013 hearing, the Defendant stated that he could not recall whether counsel discussed with him the propriety of admitting Christian F████'s testimony that the Defendant had once pinned her to a wall by her neck. The Defendant did remember Attorney Kalasnik asking Christian F████, the Defendant's ex-girlfriend and the accuser's mother, questions about the Defendant that were designed to impeach Christian. Specifically, Attorney Kalasnik testified that he queried Christian as to why she never followed up to the police regarding the Defendant's alleged abuse of her. Moreover, Attorney Kalasnik accused Christian of improper motives by suggesting she tried to extort money from the Defendant and that Christian was angry at having been kicked out of the Defendant's home. Attorney Kalasnik could not recall why he did not object to the choking incident allegations coming in, which violated a judicial order that only prior bad acts the victim had witnessed were to come in. That said, Attorney Kalasnik stated that it is sometimes best to not object so as not to draw attention to adverse information and that at a later point he attempted to diminish the alleged assault.

5

There is no doubt that the claim underlying the ineffectiveness claim has arguable merit as to the alleged choking incident because that occurrence was to have been kept out by order of the Court. The second prong of the ineffectiveness standard, whether counsel's actions lacked any reasonable basis, is absent here. Again, we are instructed to determine whether "'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Cox*, 983 A.2d 666, 678 (Pa. 2009). Here, the objectionable testimony was stated in open court and in violation of the preexisting moratorium established by the Court. In commonly used court vernacular, testimony once uttered before a jury is akin to a bell, which cannot be unrung. The Court is compelled to ask what an objection would have accomplished. Short of a mistrial, the jury could only have been ordered that the testimony was stricken and not to be considered. Attorney Kalasnik's testimony that it is sometimes best to let harmful statements go and to minimize them later is a course of action that this Court finds is equally likely, or better, of succeeding than asking for a curative instruction. As to this charge, it does not appear as though Attorney Kalasnik's actions lacked any reasonable basis. The chosen course of not objecting does not demonstrate that Attorney Kalasnik was ineffective. If, however, Attorney Kalasnik's actions were unreasonable, we proceed to the third prong of the ineffectiveness standard.

The third prong requires the petitioner to demonstrate that counsel's actions resulted in prejudice to the petitioner. Again, "[p]rejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's

6

error, the outcome of the proceeding would have been different." *Pierce*, 786 A.2d 203, 213 (Pa. 2001). The jury heard defense counsel question the veracity of Christian's account of the alleged assault and accuse her of improper motives on cross. The jury heard a stronger rebuke of the testimony from Attorney Kalasnik than what the Court could have offered following an objection. It, therefore, does not follow that there is a reasonable probability that the outcome of the proceedings would have been different had the missing document instruction been given. This Court finds that Attorney Kalasnik was not ineffective for failing to object to Christian F███████'s testimony regarding incidents of abuse.

C. *Failure to Appeal Lack of Prior Bad Acts Instruction*

For his third PCRA complaint, the Defendant alleges that Attorney Gover was ineffective for not appealing the lack of an instruction on prior bad acts testimony under Rule of Criminal Procedure 404(b).

During the June 27, 2013 hearing, the Defendant testified that he believes the outcome of his trial would have been different with different jury instructions. The Defendant also testified that he does not remember Attorney Gover discussing an appeal for the lack of an instruction on prior bad acts. Attorney Kalasnik testified that he could not remember whether he had input into instructions, but that the Court indicated it would not give a 404(b) instruction[1]. That said, Attorney Kalasnik does not believe that a prior bad acts

---

[1] The Court notes that Attorney Kalasnik *did* have input into the jury instructions and that the Court did not give an instruction on prior bad acts for fear of drawing too much attention to them. (Notes of Testimony, 4/14/10, at

7

instruction would have helped because the defense presented a great volume of persuasive evidence. Attorney Kalasnik went on to note that the jury even came back deadlocked at some point. Attorney Kalasnik went on to testify on cross by the Petitioner that while he believed, at the time of trial, the instructions were sufficient, it is possible that a prior bad acts instruction might have helped the Defendant.

We do not doubt that the claim underlying the ineffectiveness claim has arguable merit as to a prior bad acts instruction because the prior bad acts in question were not to have been brought into the trial. As for the second prong of the ineffectiveness standard, we cannot make a finding that Attorney Gover's actions lacked any reasonable basis based upon testimony, because Attorney Gover was not available to testify at the June 27, 2013 hearing. Our inquiry does not end here, however, because, by agreement of the parties at the June 27, 2013 hearing, Attorney Gover's absence was not deemed to have put either party at a disadvantage. As Attorney Gover did not submit the lack of a prior bad acts instruction for appeal, we find that "'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Cox*, 983 A.2d 666, 678 (Pa. 2009). This is so because only those issues which are appealed will be considered. The alternative of lodging an appeal offered substantially better potential for success than not appealing the issue. As to this prong, it does appear as though Attorney Gover's actions lacked any reasonable basis. We, then, proceed to the third prong of the ineffectiveness standard.

349-50.)                                          8

The third prong requires the petitioner to demonstrate that counsel's actions resulted in prejudice to the petitioner. Again, "[p]rejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Pierce*, 786 A.2d 203, 213 (Pa. 2001). This Court does not find Attorney Glover's action in not appealing the lack of an instruction on prior bad acts testimony resulted in prejudice to the petitioner. Though Attorney Kalasnik testified on cross that *perhaps* an instruction on prior bad acts would have been helpful, his testimony on direct stands in contradiction and was more illuminating in detail. On direct, Attorney Kalasnik testified that he did not believe that an extra instruction would have helped because the defense presented a great volume of persuasive evidence and still did not get a favorable decision. It is somewhat contradictory that Attorney Kalasnik then noted the jury was, at one point, deadlocked. This implies that the decision was close and perhaps could have been nudged towards finding the Defendant not guilty if some little something more had been presented that was favorable to the Defendant. However, as the Commonwealth noted at the June 27, 2013 hearing, Attorney Kalasnik did not preserve the issue for appeal. A review of the trial transcript confirms this account. (Notes of Testimony, 4/14/10, at 349-50.) Consequently and regardless of potential validity, Attorney Gover could not have raised the issue on appeal. This Court finds that Attorney Gover was not ineffective for failing to appeal this Court's decision not to give a prior bad acts instruction.

     D.    *Failure to Request Prior Inconsistent Statements Instruction*

The fourth and final issue raised by the Defendant is whether Attorney Kalasnik was ineffective when he did not request an instruction on prior inconsistent statements for the inconsistent statements of the victim.

In the hearing on June 27, 2013, the Defendant stated that he had no memory of prior inconsistent statements of the victim being raised at trial or on appeal. Attorney Kalasnik testified that he had told the Defendant that this was a he-said-she-said case in which the defense had to give the jury a reason to disbelieve the victim and her parents' credibility. To that end, Attorney Kalasnik urged the Defendant to wrack his brain for reasons why the victim or her parents would accuse him. Attorney Kalasnik also testified that he could not remember if the Court gave witness credibility or inconsistent statements instructions. A review of the trial transcript reveals that the Court did give a witness credibility instruction. (N.T., 4/14/10, at 359.)

Attorney Kalasnik's June 27, 2013 testimony included that the jury, at one point, came back deadlocked. Perhaps the instruction the Defendant believes should have been requested would have aided the defense in such a close call situation. As such, it seems that the claim underlying the ineffectiveness claim has arguable merit as to not requesting an instruction on prior inconsistent statements by the victim. The second prong of the ineffectiveness standard, whether counsel's actions lacked any reasonable basis, is less sure. We are instructed to determine whether "'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Cox*, 983 A.2d 666, 678 (Pa.

10

2009). Here, would having had the prior inconsistent statements instruction have proven substantially more successful than not having the jury hear such an instruction? The Court gave the standard witness credibility instruction. When combined with Attorney Kalasnik's cross of the victim and closing statement, the jury was well aware that the victim's testimony was in question. And, ultimately, the point of a prior inconsistent statements instruction is to highlight witness credibility. Any gain from a prior inconsistent statements instruction would have been small and certainly would not have risen to the level of a substantially greater potential for success. As such, it does not appear as though Attorney Kalasnik's actions lacked any reasonable basis. The chosen course of not requesting the instruction does not show Attorney Kalasnik to have been ineffective. If, however, Attorney Kalasnik's actions were unreasonable, we proceed to the third prong of the ineffectiveness standard.

The third prong asks whether counsel's actions resulted in prejudice to the petitioner. Again, "[p]rejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Pierce* at 213. The jury heard defense counsel cross the victim and make a closing argument premised upon perceived inconsistencies. The jury was aware that the victim's statements were in question. It does not follow that there is a reasonable probability that the outcome of the proceedings would have been different had the prior inconsistent statements instruction been given. This Court finds that the Defendant did not demonstrate that counsel's actions resulted in prejudice. Attorney Kalasnik was not

11

ineffective for not requesting the ~~missing document~~ <u>Prior inconsistent statement</u> instruction.

## II. Conclusion

For the reasons stated above, the Court hereby **DENIES** the Defendant's petition.

BY THE COURT,

DATED: October 25, 2013

_____
MICHAEL E. BORTNER, JUDGE

12